UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

               Plaintiff,               No. 09-CV-14054-DT

vs.                                          Hon. Gerald E. Rosen

DENISE PAGE HOOD and
JANE KENT MILLS,

               Defendant.
_____/

ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        December 17, 2009

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

Plaintiff Jeffrey Sanders has been granted leave to proceed with this matter *in forma pauperis.* In his *pro se* Complaint, Sanders is suing U.S. District Judge Denise Page Hood, who presided over a previous Section 1983 action which Plaintiff had filed in 2007, *Sanders v. Detroit Police Dept.,* No. 07-14206, and Jane Kent Mills, the attorney who represented the defendants in that action. The 2007 action arose out of Plaintiff's arrest and conviction on a domestic assault charge. Judge Hood dismissed Plaintiff's complaint finding that he had failed to state a legally cognizable claim for relief under Section 1983 because he failed to show that his state court conviction was overturned,

1

expunged, reversed or otherwise invalidated. *See Sanders v. Detroit Police Dept., supra*, 8/29/09 Memorandum Opinion and Order, No. 07-14206, Dkt. # 74.

In this case, Plaintiff claims that Judge Hood and Ms. Mills violated his constitutional rights because, as a result of "allegiance or auspices and collusion with City of Detroit personages," his complaint was summarily summarily dismissed.

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

Having reviewed Plaintiff Sanders complaint in this action, the Court concludes that the complaint should be dismissed pursuant to Section 1915(e)(2). It is well-established that judges, when acting within the scope of their authority and subject matter jurisdiction, are cloaked with absolute immunity under both federal and state law. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440-43 (6th Cir. 1997); Barrett *v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 118 S.Ct. 1517 (1998); *Ross v. Consumers Power Co.*, 420 Mich. 567, 632, 363 N.W.2d 641, 667 (1985) (Absolute immunity is granted to judges, even for malicious acts, as long as they are acting within their judicial authority). *Cf.*, M.C.L. § 691.1407(5) ("Judges. . . are immune from tort liability for injuries to persons or damages to property

whenever they are acting within the scope of their judicial. . . authority.")  A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227 (1988).  The protection of absolute judicial immunity attaches so long as the challenged action "is a function normally performed by a judge" and occurred while the judge was acting "in his or her judicial capacity." *Ireland v. Tunis*, *supra*, 113 F.3d at 1440-41 (quoting *Mireles v. Waco*, *supra*, 502 U.S. at 13, and *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107-08 (1978).

In this case, Plaintiff, has made it clear that his complaint against Judge Hood arises out of her actions taken in ruling against him and in favor of the defendants in his 2007 Section 1983 action.  Judge Hood, therefore, is immune from judgment in this case.

Turning to attorney Mills, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Therefore, Plaintiff Sanders must demonstrate that the conduct which caused his alleged injuries is "fairly attributable to the State" in order to state a civil rights claim under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

Plaintiff cannot show that the actions of Detroit Police Department's attorney in the 2007 case, Jane Kent Mills, is fairly attributable to the State.  It is firmly established that a defense attorney is not a state actor for purposes of § 1983. *Polk County v. Dodson*,

454 U.S. 312, 325 (1981).  As the Sixth Circuit explained in *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir.2003), "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."  Plaintiff's claim that Mills conspired with "City of Detroit Personages" do not change this.   Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory language void of the factual allegations necessary to support a conspiracy theory").  Plaintiff, therefore, has failed to state a claim upon which relief may be granted.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith.  Therefore, leave to appeal *in forma pauperis*, will be DENIED.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated:  December 17, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on   December 17, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Jeffrey Sanders, 16599 Hubbel Street, Detroit, MI 48235                 .

                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (313) 234-5137